UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**GENE DESHAWN M. WATKINS**                                                **PLAINTIFF**

v.                                                  **CIVIL ACTION NO. 3:16-CV-285-GNS**

**WLKY** *et al.*                                                      **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

Plaintiff Gene DeShawn M. Watkins filed a *pro se* complaint making various allegations against Defendants WLKY, a local television station, and Ann Bowmen, a local news reporter. This matter is before the Court for initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will dismiss this action.

**I. SUMMARY OF COMPLAINT**

In his complaint, Plaintiff states that the basis for federal question jurisdiction is "professional neglect 1st Admendment rights 14th Admendment rights incompence." He states that the amount in controversy is "100 mil an hr for my telepity that's the damages I am seekin monetary relief for my telepity 15 yrs of my telepity."

In the "Statement of Claim" section of his complaint, Plaintiff writes: "I have a gift to have women have orgasms w/o touchin the feds passed out gov equipment to local news organization local news been knowin for over 15 years and I never got paid that's a violation of my 14th admendment rights my 1st admendment rights they wont let me speak while keep gettn tortured by the LMPD and feds."

In the "Relief" section of his complaint, Plaintiff concludes by stating: "I make women have orgasms w/o touching and it travels threw federal bags and federal agent passed them earphones to news reporters and now I am bein ripped off so news stations wont say nothing cuz its espionage, intefferin in a federal investigation, and obstruction."

## II. ANALYSIS

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). However, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In other words, "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555. A complaint does not suffice if it tenders "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, 557).

A review of Plaintiff's complaint reveals that he has failed to meet the pleading standard required by Rule 8(a)(2). Plaintiff's complaint is devoid of factual matter that would allow the Court to draw a reasonable inference that the named Defendants are liable for any alleged misconduct. Plaintiff's allegations are rambling and difficult to understand. The complaint does not contain sufficient factual matter that, if accepted as true, states "a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). As previously stated, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d at 1169. To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Accordingly, this action must be dismissed for failure to state a claim upon which relief may be granted.

Additionally, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The allegations in Plaintiff's complaint meet this standard. The instant action must, therefore, also be dismissed for lack of subject-matter jurisdiction.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and for lack of subject-matter jurisdiction under Rule 12(b)(1) in accordance with *Apple v. Glenn*. The Court will enter an Order consistent with this Memorandum Opinion.

Date: June 28, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Defendants
4416.011